# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>RUDY MIRELEZ, DEVAN M. PORTILLO, EUGENE ACTION, and KAMALA D. HARRIS, State Attorney General,<br><br>    Defendants. | Case No. 1:15-cv-01343-SMS<br><br>ORDER SCREENING COMPLAINT UNDER 28 U.S.C. § 1915(e)<br><br>(Doc. 1) |

Plaintiff James Smith, proceeding *pro se* and *in forma pauperis* filed a complaint on September 2, 2015, alleging violations of his rights under the United States Constitution. The Court has reviewed the complaint and applicable law, and for the reasons that follow, the complaint will be dismissed. Plaintiff is granted leave, however, to file an amended complaint to remedy the deficiencies discussed below.

## I.  DISCUSSION

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine whether it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." If the Court finds any such deficiency, the complaint must be dismissed. *Id*. But a *pro se* plaintiff must be given leave to amend the complaint where the deficiencies can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), and construe *pro se* pleadings liberally in the light most favorable to the plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (concluding that *pro se* filings should continue to be liberally construed after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A. *Plaintiff's Complaint*

In his complaint, Plaintiff alleges Defendants violated his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  Specifically, Plaintiff alleges:

- a violation of his Fourth Amendment when Officer Rudy Mirelez entered Plaintiff's "vehicle without a warrant" on June 27, 2013.  Doc. 1, pg. 1-2.

- a violation of his Fifth Amendment right to due process and equal protection where "false or suppressed information lead [*sic*] to [Plaintiff's] removal from [his] own property."  Doc. 1, pg. 2.

- a violation of his Sixth Amendment right where Plaintiff's counsel told him "the case was not going to the second trial on the set date . . . .  It had been 23 months from the date of the actual incident."  Doc. 1, pg. 2.

- a violation of his Fourteenth Amendment right to due process and equal protection where Officer Mirelez entered Plaintiff's property without an "issued recording device fit to record any and all evidence during the two hour [c]all," and where Officers Mirelez and Devan Portillo, along with attorney Eugene Action, "suppressed exculpatory evidence" during Plaintiff's first trial.  Doc. 1, pg. 1-2.  Additionally, Plaintiff was "refused a copy" of an exhibit from his first trial.  Doc. 1, pg. 2.

Finally, Plaintiff alleges Defendants failed to give Plaintiff his "Miranda rights, collect[ed] DNA before conviction, . . . refus[ed] [him] medical attention during [his] booking . . .[and] subjected [him] to [s]exual [d]iscrimination."  Doc. 1, pg. 2.  Plaintiff asserts Defendants conduct damaged his reputation, health and caused great monetary loss.  He therefore seeks damages of five million dollars.  Doc. 1, pg. 3.

2

B.  *Federal Rule of Civil Procedure 8(a)(2)*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  And a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  But while factual allegations are accepted as true, legal conclusion are not.  *Id*.

Concerning Plaintiff's claim of a Sixth Amendment violation, the Court finds that claim uncognizable.  The Sixth Amendment states in relevant part: "In all criminal prosecutions, the accused shall enjoy *the right to a speedy and public trial* . . . ." U.S. Const. amend. VI (emphasis added); *see Strickland v. Washington*, 466 U.S. 668, 685 (1984).  Consequently, "the Sixth Amendment right to trial by jury is afforded in criminal prosecutions only and does not extend to plaintiffs in a section 1983 civil rights action." Anderson v. Del Papa, 1 F.3d 1246 (9th Cir. 1993).[1]

As to the remaining claims, Plaintiff has not sufficiently alleged a claim under the Fourth, Fifth, and Fourteenth Amendments.  The complaint contains largely conclusory statements with scant factual matter, and is devoid of any elements of a cause of action.  Liberally construed, the complaint does not set forth factual content which permits the Court to draw any reasonable inference that Defendants are liable for the misconduct alleged.  If Plaintiff chooses to file an amended complaint, he must explain the basis of his claims in more detail.

---

[1] This unpublished decision is citable under Rule 32**.**1 of the Federal Rules of Appellate Procedure.  *See also* 9th Cir. R. 36–3(b).

3

## II. LEAVE TO AMEND

The Court will provide Plaintiff an opportunity to amend the complaint to address the deficiencies identified above. If Plaintiff chooses to file an amended complaint, it must bear the docket number assigned in this case and be labeled "First Amended Complaint." As a general rule, an amended complaint supersedes any earlier complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff is instructed to consider the standards set forth in this Order and should only file an amended complaint if he believes his claims are cognizable. Any amended complaint shall be filed no later than **February 26, 2016**. *Plaintiff is advised that failure to file an amended complaint by the date specified will result in dismissal of this action.*

IT IS SO ORDERED.

Dated:   **January 12, 2016**          /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE