**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> RUDY MIRELEZ, DEVAN M. PORTILLO, EUGENE ACTION, and NATALIE N. GILBERTSON, <br><br> Defendants. | Case No. 1:15-cv-01343-SMS <br><br> ORDER DISMISSING FIRST AMENDED COMPLAINT WITH FINAL LEAVE TO AMEND <br><br><br> (Docs. 4, 8) |

On January 12, 206, the Court issued an order dismissing, with leave to amend, Plaintiff's original complaint. Doc. 6. Before the Court now is Plaintiff's first amended complaint, timely filed on February 26, 2016. Doc. 8. For the reasons that follow, Plaintiff's first amended complaint will be dismissed. However, the Court will allow Plaintiff one final opportunity to amend the complaint.

I.   DISCUSSION

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine whether it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). If the Court finds any such deficiency, the complaint must be dismissed. 28 U.S.C.

1

§ 1915(e)(2)(B)(ii).  But a *pro se* plaintiff must be given leave to amend the complaint where the deficiencies can be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), and construe *pro se* pleadings liberally in the light most favorable to the plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  The Court is generally bound by allegations contained within the four corners of the complaint.  But where exhibits are attached thereto, they may be considered.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered.") (citations omitted).  And pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (concluding that *pro se* filings should continue to be liberally construed after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A. *Plaintiff's First Amended Complaint*

As an initial matter, the Court interprets Plaintiff's first amended complaint as a civil rights complaint under 42 U.S.C. § 1983 and not a petition for habeas relief because nowhere does Plaintiff state that he is in custody.  *See* 42 U.S.C. § 1983 (stating that any person "under . . . any State or Territory . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured"); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")

Unlike his original complaint, Plaintiff has provided the Court with more factual detail, the

substitution of a defendant, and exhibits.[1]  In the first amended complaint, Plaintiff essentially alleges Defendants violated his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

Collectively, the first amended complaint and exhibits suggest that a physical altercation between Plaintiff and his stepdaughter, Natalie N. Gilbertson, occurred on the June 27, 2013, at Plaintiff's residence.  Also present was Plaintiff's wife and Gilbertson's mother, Susan Kniep-Smith. This resulted in the arrest of Plaintiff by Officer Rudy Mirelez and a subsequent state court trial in early September 2014.

The allegations are that Gilbertson forced her way into the bedroom where Plaintiff and Kniep-Smith remained, and attacked Plaintiff.  When Officer Mirelez arrived at the scene, he questioned Plaintiff, Gilbertson, and Kniep-Smith, but did not record everything which was reported. Another officer was also present.

The exhibit of Officer Mirelez's partial incident report sets forth a different version of the events.  He reported questioning Gilbertson, who stated that she and Plaintiff argued about caring for Kniep-Smith.  After verbally threatening to kill her for speaking to him in a certain way, Plaintiff hit Gilbertson's left cheek and grabbed her neck.  He was, thereafter, arrested for violating California Penal Code sections 422 (terrorist threats), 240 (assault), and 242 (battery).  Plaintiff was antagonistic, demanded pictures of his truck which was blocked by Gilbertson, and demanded that she be charged with kidnapping, to which Officer Mirelez replied would not happen.  Gilbertson

---

[1] Unlike the original complaint, the first amended complaint includes Natalie N. Gilbertson, rather than State Attorney General Kamala D. Harris, as one of the defendants.  And attached to the first amended complaint are copies of: (1) a letter to the Court, dated February 23, 2016; (2) Plaintiff's various motions to the Mariposa County Superior Court—motion to dismiss all charges, motion to suppress evidence and motion to appoint co-counsel; (3) Plaintiff's letter to the District Attorney; (4) portions of the transcript of Plaintiff's state court trial; (5) portions of Officer Mirelez's incident report of June 27, 2013 incident; and (6) a screenshot of Gibertson's Facebook account; (7) two shirtless photographs of Plaintiff taken a week after the incident; (8) a document from the UC Davis Health System showing the list of medications taken by Plaintiff's wife and Gilbertson's mother; and (9) notes related to Plaintiff's state court case.  Doc. 8, pp. 4-20.

received care from the paramedics and was taken away in an ambulance.  Doc. 8, p. 11.  Similarly, the transcript containing portions of Gilbertson's testimony indicate Plaintiff grabbed her , pushed her against the wall, and punched her.   Doc. 8, p. 10.

The exhibits of Plaintiff's motions to the Mariposa County Superior Court provide the following information:  (1) the motion to dismiss paints a picture of Gilbertson being disruptive, argumentative, belligerent and threatening; (2) the motion to suppress evidence states Plaintiff requested the suppression of the recording of Kniep-Smith, Officer Mirelez's incident report, and his testimony; and (3) the motion to appointment co-counsel was Plaintiff's request to made co-counsel.  Plaintiff's letter to the District Attorney sought  answers regarding the conduct of Officer Mirelez in allowing Gilbertson entry into Plaintiff's truck and why the officers did not record everything after they arrived at the scene of the incident.  Doc. 8, pp. 6-9.

As for the screenshot of Gilbertson's Facebook account, Plaintiff writes on the document, "How do you explain why all my bags are in the back of the truck?  They were placed in the front of the bed!"  He also writes on the copy of his photographs, "this bruis[e] was caused by door-knob" and "my left shoulder was scheduled for surgery after my wife he[a]led."  Doc. 8, pp. 17-18.  And the copy of the notes contain questions Plaintiff had about Officer Mirelez's interview with Kniep-Smith, and objections Plaintiff had with Gilbertson's version of the incident.

Specific to the first amended complaint, Plaintiff alleges:

- a violation of his Fourth Amendment by Gilbertson when she, with Officer Mirelez's permission, entered and searched Plaintiff's truck "without a warrant."  Gilbertson was "an agent to the Sheriff" because Officer Mirelez "opened the tailgate and gave her permission to enter the truck." As a result, "3,000 and a month supply of [Plaintiff's] medications disappeared."

- a violation of his Fifth Amendment right when Gilbertson gave "false or misleading information that lead [*sic*] to [Plaintiff's] removal from [his] own property."

- a violation of his Sixth Amendment right where Eugene Action, Plaintiff's court-appointed counsel, informed him that the "second trial [would not occur] on June 19, 2015, which "had been 23 months" since his arrest.  "After [his] first trial [Plaintiff] told

>    Mr. Action [he] was not willing to wa[i]v[] any more time" and that "[f]rom the beginning [he] only agreed to a 60 day time wa[i]ver."
>
> - a violation of his Fourteenth Amendment when: (1) "Officer Mirelez had failed to down load the device, and that was a clear violation of my 14th Amendment rights to equal protection" and showed bias in allowing Gilbertson to help Kniep-Smith answer the officer's questions, and (2) Officer Mirelez, Assistant District Attorney Devan Portillo and Plaintiff's then-counsel Eugene Action "suppressed exculpatory evidence" related to Gilbertson during Plaintiff's first trial because her testimony "changed from the original interview" with Officer Mirelez.

Additionally, Plaintiff alleges the jail "collected DNA before [he] was convicted," "refused medical attention during [his] booking," and "subjected [him] to sexual discrimination." He has been unable to obtain a copy of Officer Mirelez's incident report, which was allegedly re-written by Portillo, during the first trial. Doc. 8, pp. 1-3.

Plaintiff asserts Defendants' conduct damaged his reputation, health, and caused a loss of $175,000.000 in property, wages and living expenses. He therefore wishes to be compensated for the loss and also seeks punitive damages. Doc. 8, p. 3.

B. *Federal Rule of Civil Procedure 8(a)(2)*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). And a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). But while factual allegations are accepted as true, legal conclusion are not. *Id.*

C. *Analysis*

    a. <u>Fourth Amendment</u>

The Fourth Amendment, applicable to a state by the Fourteenth Amendment, states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const., Amdt. 4; *Maryland v. Pringle*, 540 U.S. 366, 369 (2003). The Fourth Amendment thus prohibits unreasonable searches and seizures. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *W. v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (quotations and citation omitted). But "the fourth amendment cannot be triggered simply because a person is acting on behalf of the government. [T]he fourth amendment will only apply to government conduct that can reasonably be characterized as a 'search' or a 'seizure.'" *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 924 (9th Cir. 2001) (internal quotations and citations omitted). And that is satisfied if the person "engaging in that conduct . . . acted with the intent to assist the government in its investigatory or administrative purposes and not for an independent purpose." *United States v. Attson*, 900 F.2d 1427, 1433 (9th Cir. 1990).

Even when liberally construed, the Court finds Plaintiff's allegations under this claim deficient. As stated, he makes the conclusory statement that Gilbertson was "an agent to the Sheriff" because Officer Mirelez "opened the tailgate and gave her permission to enter" Plaintiff's truck, and that she searched the truck. He makes no allegations which allow the Court to infer that Gilbertson acted on behalf of the officers (who are state actors), let alone with the intent to assist them. Without

6

more, the Court is hard pressed to draw the reasonable inference that she conducted an unreasonable search and seizure of Plaintiff's truck. And the exhibits Plaintiff provides do not support that conclusion. At most, they show that the incident resulted in a state court trial against Plaintiff stemming from the physical altercation with Gilbertson. Overall, the first amended complaint is devoid of factual content which allows the court to draw the reasonable inference that Gilbertson is liable for the violation alleged. To the extent he intends to make the same allegations against Officer Mirelez, nowhere does Plaintiff state that Officer Mirelez unreasonably searched the truck and seized property belonging to Plaintiff. Plaintiff thus fails to state a claim against Gilbertson for violating his Fourth Amendment right.

      b. <u>Fifth Amendment</u>

The Fifth Amendment states in relevant part: "No person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. Const., Amdt. 5. Importantly, "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States[.]" *Castillo v. McFadden*, 399 F.3d 993, 1002 (9th Cir. 2005). Because Gilbertson, the Defendant charged with violating Plaintiff's due process right under the Fifth Amendment, is not a federal actor and Plaintiff did not allege otherwise, his claim here necessarily fails.

      c. <u>Sixth Amendment</u>

The Sixth Amendment states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const., Amdt. 6.

The speedy trial "right may attach before an indictment and as early as the time of arrest and holding to answer a criminal charge[.]" *United States v. Gouveia*, 467 U.S. 180, 190 (1984) (quotations and citations omitted). "[I]n determining whether a particular defendant has been deprived of his right" to a speedy trial, the Supreme Court has "identif[ied] four factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). But "none of the four factors [is a] necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533. The "courts must still engage in a difficult and sensitive balancing process." *Id.*

Though not explicitly stated, Plaintiff alleges a violation of his right to a speedy trial right where twenty-three months had passed from the time of his arrest until his second trial and that such delay was unreasonable given his refusal to waive any more time. Also implicit in Plaintiff's allegations is a claim that he did not receive effective assistance of counsel. But even liberally construed, his allegations are inadequate and therefore problematic for the following reasons.

The conclusory allegation that twenty-months is "a clear violation of [the] 6th Amendment" and that he agreed "[f]rom the beginning . . . only . . . to a 60 day time wa[i]ver" informs the Court very little about what transpired. No information is given about whether Plaintiff asserted his right to a speedy trial and whether he received an unfavorable decision. And no information is given about whether he appealed the unfavorable decision to the appellate division of the Mariposa County Superior Court. And such information is necessary in determining whether, at this juncture, this Court is the proper venue to resolve Plaintiff's case. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983) (quotations and citations omitted) ("it was very early established that the Court will not decide federal constitutional issues raised here for the first time on review of state court decisions").

Additionally, it is unclear whether Plaintiff's allegations are directed at his then counsel, Action, or an unnamed party. As is, the allegations do not give fair notice to a defendant that he or she is liable for the alleged speedy trial violation and the Court cannot infer the same. To the extent the allegations are directed at Action, the claim fails, because generally "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 325 (1981). It would be a different story if Action allegedly behaved in a way or engaged in activity which made him a state actor, *see Tower v. Glover*, 467 U.S. 914, 920, 104 S. Ct. 2820, 2824, 81 L. Ed. 2d 758 (1984) ("an otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights"), but Plaintiff makes no such allegations.

As is, the allegations do not allow the Court to infer a violation of his speedy trial right or any other right under the Sixth Amendment. At a minimum, the Court needs sufficient factual matter to determine whether it has the power to address Plaintiff's claims. Without more, Plaintiff's allegations fall short of the sufficient factual matter need to state a claim for relief which is plausible on its face.

### d. Fourteenth Amendment

The Fourteenth Amendment states in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., Amdt. 14, § 1. "Because the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923–24 (1982) (quotations omitted).

"[T]he Due Process Clause of the Fourteenth Amendment was intended to prevent government from abusing [its] power, or employing it as an instrument of oppression[.]" *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (quotations and citations omitted

and modification in original). A claim of due process may be substantive or procedural. "To establish a violation of substantive due process, a plaintiff must first show a deprivation of some fundamental right or liberty interest[.]" *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006); *see Reno v. Flores*, 507 U.S. 292, 302 (1993). And "[t]o establish a violation of procedural due process a plaintiff must demonstrate: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Tutor-Saliba Corp.*, 452 F.3d at 1061 (citation omitted).

"[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "To state a claim . . . for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Survive v. Cottle*, 609 F. App'x 515, 516 (9th Cir. 2015) (quotations and citation omitted).[2] But:

> [i]f the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez,* 411 U.S. 1 (1972); *Squaw Valley Development Co. v. Goldberg,* 375 F.3d 936, 944 (9th Cir.2004); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta,* 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook,* 528 U.S. at 564.

*Lee v. Scribner*, 2010 WL 1328691, at *5–6 (E.D. Cal. Apr. 2, 2010) (No. 1:05-CV-00802-YNP

---

[2] This unpublished decision is citable under Rule 32.1 of the Federal Rules of Appellate Procedure. *See also* 9th Cir. R. 36–3(b).

PC).

With regard to due process, Plaintiff alleges:

> Officer Mirelez, A.D.A. Devan Portillo and Attorney Eugene Action, all violated my 14th Amendment Rights to Equal Protection & Due Process of Law. They suppressed exculpatory evidence of the plaintiff during the first trial. The testimony was changed from the original interview. I also mentioned under state law witnesses could only be in the courtroom during testifying. Officer Mirelez was present during the entire trial, and he made facial & under his breath remarks.

Doc. 8, p. 2.

Again, the Court's discussion above concerning insufficient information to determine whether Plaintiff's claim is properly brought in this Court applies. Furthermore, he does not identify a fundamental or protected right or liberty interest which was deprived by Defendants without fair process. *See Bagent v. Pierce*, 2008 WL 5135761, at *4 (E.D. Cal. Dec. 8, 2008), *report and recommendation adopted*, 2009 WL 250526 (E.D. Cal. Feb. 2, 2009) (No. 1:06CV01842LJOSMSPC) ("Plaintiff has neither identified the existence of a protected interest at stake, nor alleged the deprivation of that interest by either Defendant without fair process."). The allegations are conclusory, scant of factual matter, and fall short of stating a due process claim.

Plaintiff's equal protection claim suffers from the same defect in that he does not allege membership with a protected or identifiable class or that Officer Mirelez, and attorneys Portillo and Action intentionally treated Plaintiff differently without a legitimate purpose. The allegation that Officer Mirelez did not record all of his questioning and acted with bias in allowing Gilbertson to help Kniep-Smith answer the questions, do not allow the Court to infer that Officer Mirelez intentionally discriminated against Plaintiff, without reason, based on his membership in a particular class. Plaintiff has not, therefore, stated a cognizable equal protection claim. *See Lee*, 2010 WL 1328691, at *5–6.

Plaintiff's allegations therefore do not suffice to state claim for violations of the Fourteenth

Amendment's due process or equal protection clauses.

### e. Other Allegations

Plaintiff's allegations of improper DNA collection, refusal of medical treatment during his booking, sexual assault, and tampering of Officer Mirelez's incident report, are mostly one-sentence conclusory statements. Without more, they do not set forth cognizable claims. *Ashcroft v. Iqbal*, 556 U.S. at 678.

## II. LEAVE TO AMEND

Even when liberally construed, the first amended complaint and attached exhibits do not set forth sufficient factual content which permits the Court to draw any reasonable inference that Defendants are liable for the violations alleged. But, because Plaintiff was not given the appropriate legal standards for stating his claims in the Court's prior screening order (Doc. 6)[3] and mindful of his *pro se* status, the Court will grant Plaintiff a final opportunity to submit an amended complaint. Plaintiff is advised that if he chooses to file a second amended complaint, he must address the deficiencies discussed above. An amended complaint which is identical to the original or first amended compliant will not be viewed favorably.

If Plaintiff chooses to file an amended complaint, it must bear the docket number assigned in this case and be labeled "Second Amended Complaint." As a general rule, an amended complaint supersedes any earlier complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

---

[3] In its January 12, 2016 order dismissing the original complaint with leave to amend, the Court erroneously relied on *Anderson v. Del Papa*, 1 F.3d 1246 (9th Cir. 1993). Unlike here, the plaintiff there averred that the district court, not the state court, "wrongfully denied him a jury trial and grand jury indictment[.]" *Id.*

### III.     CONCLUSION

For the reasons set forth above, Plaintiff's first amended complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff is instructed to consider the standards set forth in this Order and should only file a second amended complaint if he believes his claims are cognizable.  Any amended complaint shall be filed no later than **November 14, 2016**.  *Plaintiff is advised that failure to file a second amended complaint by the date specified will result in a recommendation that the case be dismissed.*

Additionally, Plaintiff's motion, filed November 2, 2015, requesting to move forward with this case and for a subpoena is DISMISSED.  Because Plaintiff has not submitted a complaint which allows the Court to conclude that he may proceed on his claims, Plaintiff's requests therein are moot and premature.


IT IS SO ORDERED.

Dated:   **September 30, 2016**              **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE