UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>RUDY MIRELEZ, et al.,<br><br>    Defendants. | CASE NO. 1:15-cv-1343-AWI-MJS<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT LEAVE TO AMEND**<br><br>**(ECF NO. 10)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is proceeding pro se and in forma pauperis in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff's original and First Amended Complaints were dismissed with leave to amend on January 12, 2016, and February 26, 2016, respectively.[1] (ECF Nos. 6, 9.) In the last screening order, Plaintiff was given one final opportunity to state a claim. His November 9, 2016, Second Amended Complaint is now before the Court for screening.

I. **Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

---

[1] This case was reassigned to the undersigned on January 9, 2017. (ECF No. 11.)

the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

Plaintiff brings this action against Defendants Officer Rudy Mirelez, Devan M. Portillo, Prosecutor Eugene Action, Natalie N. Gilbertson, Steve Dahlem, and the Mariposa County Council.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff alleges that on June 27, 2013, he was arrested for unspecified conduct against his stepdaughter. During his arrest, Plaintiff was not given a Miranda warning and was forced to provide a DNA sample. He was then transferred to the county jail where he was refused medication for his diabetes, and he had to use his credit cards to make bail.

Plaintiff denies the charges brought against him. On December 3, 2013, a preliminary hearing was held during which the victim changed her original statement. The three "court officers" did not question the victim about this changed testimony. When Plaintiff asked his attorney why they had not yet gone to trial, the attorney told Plaintiff

2

that he waived his right to a speedy trial. Plaintiff claims he did not know he had waived this right.

On September 2, 2014, a trial was held resulting in a mistrial, and a second trial was then scheduled for May 15, 2015. Plaintiff did not believe his attorney had his best interest at heart and sought to remove him. Plaintiff ultimately plead No Contest and was assessed a $250 fine.

As a result of the charges brought against him and the delayed criminal proceedings, Plaintiff experienced emotional stress, he lost 70 pounds, and his relationship with his wife and stepdaughter suffered.

Plaintiff claims his Fifth Amendment rights were violated when he was forced to evacuate his home; his Eighth Amendment rights were violated by the continued postponement of his trial; and his Fourteenth Amendment rights were violated because he was not provided due process and equal protection. Plaintiff seeks $175,000 in damages.

**IV.  Analysis**

  **A.  Linkage**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Plaintiff must also demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Generally, private parties are not acting under color of state law, and their conduct does not constitute state action. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir.1991).

Plaintiff's Second Amended Complaint does not affirmatively link the conduct of any of the named Defendants to a violation of Plaintiff's constitutional rights. In addition, while the Court has gleaned from the pleading that Defendant Rudy Mirelez is an officer and Eugene Action is an attorney, there are no facts identifying what role, if any, Defendants Devan M. Portillo, Natalie N. Gilbertson, and Steve Dahlem had in the pursuit of criminal charges against Plaintiff. He was previously informed of these requirements. For these reasons alone, Plaintiff's pleading must be dismissed.

**B.   Fifth Amendment**

The Fifth Amendment provides, in relevant part, that "No person shall be … deprived of life, liberty, or property, without due process of law." U.S. Const., amend. V. Plaintiff claims his Fifth Amendment rights were violated when he was forced to evacuate his home, presumably after he was arrested. This claim fails not only because it is not directed against any particular Defendant, but also because it fails to allege how Plaintiff was denied due process.

**C.   Sixth Amendment**

Plaintiff asserts his "Eighth Amendment" rights were violated by the continued postponement of his trial. This claim is more accurately classified as a Sixth Amendment claim, which states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been   previously

4

>ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const., amend. 6.

The speedy trial "right may attach before an indictment and as early as the time of arrest and holding to answer a criminal charge[.]" United States v. Gouveia, 467 U.S. 180, 190 (1984) (quotations and citations omitted). "[I]n determining whether a particular defendant has been deprived of his right" to a speedy trial, the Supreme Court has "identif[ied] four factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530 (1972). But "none of the four factors [is a] necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." Id. at 533. The "courts must still engage in a difficult and sensitive balancing process." Id.

Plaintiff's bare allegations are insufficient to proceed on this claim. He provides no details concerning the cause for the delay or what transpired during the delay between his arrest and the entry of his plea. No information is given about whether Plaintiff asserted his right to a speedy trial and whether he received an unfavorable decision. And no information is given about whether he appealed the unfavorable decision to the appellate division of the Mariposa County Superior Court. Such information is necessary in determining whether, at this juncture, this Court is the proper venue to address Plaintiff's case. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983) (quotations and citations omitted) ("it was very early established that the Court will not decide federal constitutional issues raised here for the first time on review of state court decisions").

### D. Fourteenth Amendment

The Fourteenth Amendment states in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. 14, § 1. "Because the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 923-24 (1982) (quotations omitted).

#### 1. Due Process Claim

"[T]he Due Process Clause of the Fourteenth Amendment was intended to prevent government from abusing [its] power, or employing it as an instrument of oppression[.]" DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) (quotations and citations omitted and modification in original). A claim of due process may be substantive or procedural. "To establish a violation of substantive due process, a plaintiff must first show a deprivation of some fundamental right or liberty interest[.]" Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1061 (9th Cir. 2006); see Reno v. Flores, 507 U.S. 292, 302 (1993). And "[t]o establish a violation of procedural due process a plaintiff must demonstrate: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Tutor-Saliba Corp., 452 F.3d at 1061 (citation omitted)

As to Plaintiff's due process claim, he fails to identify a fundamental or protected right or liberty interest which was deprived by Defendants without fair process. See Bagent v. Pierce, 2008 WL 5135761, at *4 (E.D. Cal. Dec. 8, 2008), report and recommendation adopted, 2009 WL 250526 (E.D. Cal. Feb. 2, 2009) (No. 1:06CV01842LJOSMSPC) ("Plaintiff has neither identified the existence of a protected interest at stake, nor alleged the deprivation of that interest by either Defendant without fair process."). The allegations are conclusory, scant of factual matter, and fall short of stating a due process claim.

### 2. Equal Protection Claim

"[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). "To state a claim . . . for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Survine v. Cottle, 609 F. App'x 515, 516 (9th Cir. 2015) (quotations and citation omitted). But:

> [i]f the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Lee v. Scribner, 2010 WL 1328691, at *5-6 (E.D. Cal. Apr. 2, 2010).

Plaintiff's equal protection claim also fails. He does not allege membership with a protected or identifiable class, he does not link this claim to any Defendant, and he does not claim that he was treated differently without a legitimate purpose.

### E. Conclusory Allegations

Plaintiff was previously informed that his many conclusory allegations are insufficient to state a claim. (See ECF No. 9 at 12.) Plaintiff's Second Amended Complaint continues to include those same allegations without providing further detail.

7

These allegations include that Plaintiff was not given a Miranda warning, Plaintiff was forced to provide a DNA sample, and Plaintiff was denied medication for his diabetes while at county jail. Without more, they continue to fail to set forth cognizable claims. Iqbal, 556 U.S. at 678.

## VI.     Conclusion and Order

In the Court's last screening order, Plaintiff was informed that he would be provided one last opportunity to state a claim. For the reasons set forth above, his complaint fails for a third time to assert a viable claim against any Defendant.

A party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations — none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed without leave to amend.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 21, 2017              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE